UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDERICK WILLIAMS,

    Plaintiff,

v.

WALMART STORES EAST, LP,

    Defendant.
_____/

Case No. 2:25-cv-834-KCD-DNF

## **ORDER**

Walmart Stores East, LP, removed this slip-and-fall case from state court. (Doc. 1.)[1] For the reasons below, Walmart must supplement the Notice of Removal.

A defendant can remove a case from state court if it could have been brought in federal court in the first instance. *See* 28 U.S.C. § 1441(a). This includes actions where there is diversity jurisdiction, which requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

The defendant seeking removal must establish diversity jurisdiction as of the date of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744,

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

751 (11th Cir. 2010); *Sammie Bonner Const. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). When a complaint does not allege a specific amount of damages, as here, "the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). This requires "facts supporting jurisdiction," not merely allegations. *Pretka*, 608 F.3d at 751; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). When determining the amount in controversy, a district court may consider the complaint, the defendant's notice of removal, and other relevant evidence submitted by the parties. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

To establish the amount in controversy, Walmart asserts that several pieces of evidence combine to satisfy the jurisdictional threshold. Namely, the complaint's allegations, medical expenses totaling $40,818.78, a recommendation by Plaintiff's treating provider that he needs back surgery, and Plaintiff's admission that he is seeking damages of more than $75,000. (Doc. 1 at 6.) The Court disagrees.

The removing party must provide evidence that is "sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007). But the court must not consider unspecified damages that are too speculative. *See Mustafa v. Mkt. St.*

*Mortg. Corp.*, 840 F. Supp. 2d 1287, 1291 (M.D. Ala. 2012). If the removing defendant fails to satisfy its burden, then the "proper course of action is to remand the case[.]" *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Removal raises significant federalism concerns, so any doubt as to jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

To start, the complaint is sparse on specifics, containing only a laundry list of conclusory damages such as bodily injury, pain and suffering, and mental anguish. (Doc. 1-1 at ¶ 9.) Such generalized claims do not show that the amount in controversy is likely to exceed $75,000. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006). So the pleadings don't help much. And the fact that Plaintiff admitted his damages exceed $75,000 deserves some weight, but it's not dispositive. *See, e.g., Kohrig v. Pavilion at HealthPark LLC*, No. 2:25-CV-95-SPC-NPM, 2025 WL 1012333, at *1 (M.D. Fla. Apr. 4, 2025) (explaining a response to a request for admission alone "is insufficient to establish the amount in controversy"); *Rhodes v. Safeco Ins. Co. of Illinois*, No. 2:17-CV-379-FTM-38CM, 2017 WL 9887861, at *2 (M.D. Fla. July 31, 2017) (same); *Pugliese v. Texas Roadhouse, Inc.*, No. 5:17-CV-392-OC-PRL, 2017 WL 6276587, at *3 (M.D. Fla. Dec. 11, 2017) (explaining that courts within the Middle District of Florida have held that "responses to requests for admissions can be conclusory and lack factual support").

Finally, the recommendation that Plaintiff undergo back surgery is too speculative. And because jurisdiction must exist at the time of removal, the speculative possibility of future medical care (or other continuing damages) is not determinative. *Sinclair v. State Farm Mut. Auto. Ins. Co.*, No. 2:11-CV-320-FTM-29, 2011 WL 2746823, at *2 (M.D. Fla. July 14, 2011) ("The argument that the expenses will include future medical expenses, past wage loss, future wage loss, and pain and suffering is also irrelevant to the inquiry of whether the amount in controversy was adequate at the time of removal."); *see also Pennington v. Covidien LP*, No. 8:19-CV-273-T-33AAS, 2019 WL 479473, at *2 (M.D. Fla. Feb. 7, 2019) (concluding that a recommended $110,000 surgery was "a hypothetical future medical expense" and "too speculative to include in the Court's jurisdictional discussion" because the surgery had not yet occurred or been scheduled and there was no evidence to "confirm that this surgery is necessary"); *Greenberg v. FCA US LLC*, No. 8:24-CV-2559-VMC-TGW, 2024 WL 4764476, at *2 (M.D. Fla. Nov. 13, 2024) ("The Court does not credit the estimated cost of future medical expenses here because there is no information as to what those future medical expenses entail or any evidence that Plaintiff [ ] has scheduled any future medically necessary procedures.").

Ultimately, the only concrete damages outlined in the notice of removal is $40,818.78 in medical bills. Thus, Walmart needs to show (by a preponderance of the evidence) that Plaintiff's other damages exceed $34,000

4

to reach the jurisdictional threshold. Walmart fails to cite any actual evidence demonstrating that the amount in controversy exceeds that amount. *See Eckert v. Sears, Roebuck & Co.*, No. 8:13-CV-2599-T-23, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013). To remedy these deficiencies, Walmart may supplement the notice of removal. *See* 28 U.S.C. § 1653.

It is now **ORDERED**:

By **October 7, 2025,** Walmart must supplement the Notice of Removal to show why the Court should not remand this case for lack of subject-matter jurisdiction. **Failure to do so will result in the Court remanding this case without further notice**.

**ENTERED** in Fort Myers, Florida on September 23, 2025.

Kyle C. Dudek
United States District Judge