UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDERICK WILLIAMS,

    Plaintiff,

    v.

WALMART STORES EAST, LP,

    Defendant.
_____/

Case No. 2:25-cv-834-KCD-DNF

## **ORDER**

    Plaintiff Frederick Williams sues Defendant Walmart Stores East, LP for negligence after a slip and fall incident at one of its stores. (Doc. 1-1.)[1] This case started in state court, but Walmart removed it here under diversity jurisdiction. (Doc. 1.) For the reasons below, the case is remanded for lack of subject matter jurisdiction.

    A defendant can remove a case from state court if it could have been brought in federal court in the first instance. *See* 28 U.S.C. § 1441(a). This includes actions where there is diversity jurisdiction, which requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

The defendant seeking removal must establish diversity jurisdiction as of the date of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Const. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). When a complaint does not allege a specific amount of damages, as here, "the defendant . . . must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). This requires "facts supporting jurisdiction," not merely allegations. *Pretka*, 608 F.3d at 751; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

To show the amount in controversy, Walmart relies on several pieces of evidence. Namely, the complaint's allegations, medical expenses totaling $40,818.78, a recommendation by Plaintiff's treating provider that he needs back surgery, and Plaintiff's admission that he is seeking damages beyond $75,000. (Doc. 1 at 6.) Because a claimant's demand is not always determinative of the amount in controversy, and the recommendation that Plaintiff undergo back surgery is too speculative, the Court directed Walmart to supplement its notice to establish jurisdiction. (Doc. 9); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Walmart's supplement does nothing more than attach an email from Plaintiff's counsel that demands $480,000 to resolve the claim. (Doc. 13 ¶ 4.) This additional evidence (to the extent it can be called that) is not enough.

The removing party must provide evidence that is "sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007). But the Court must not consider unspecified damages that are too speculative. *See Mustafa v. Mkt. St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1291 (M.D. Ala. 2012). If the removing defendant fails to satisfy its burden, then the "proper course of action is to remand the case[.]" *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Removal raises significant federalism concerns, so any doubt as to jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

A proposed settlement is relevant evidence of the amount in controversy if it appears to reasonably estimate a claim. *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). Plaintiff's demand here does not provide any detail to help the Court determine how much these damages could be worth. And the Court cannot simply guess as to what that figure might be. *See Johnson-Lang v. Fam. Dollar Stores of Fla., LLC*, No. 8:21-CV-902-VMC-CPT, 2021 WL 1625167, at *2 (M.D. Fla. Apr. 27, 2021) (remanding case when defendant "[did] not provide sufficient detail about [the

plaintiff]'s pain and suffering or the other unspecified damages she has allegedly experienced"); *see also Reyes v. Stockhill*, 568 F. Supp. 3d 1288, 1292 (M.D. Fla. 2021) ("Courts will not speculate as to the value of damages for pain and suffering.").

At bottom, the only concrete damages are $40,818.78 in medical bills. The notice of removal and supplement otherwise consists of bare assertions. Coupled with Walmart's failure to submit treatment records or any other evidence about the severity of the alleged injuries, the Court has little more than speculation about the amount in controversy. *See, e.g.*, *Lima v. Litfin*, No. 8:21-CV-1722-VMC-TGW, 2021 WL 3185966, at *2 (M.D. Fla. July 28, 2021).

Resolving all uncertainties in favor of remand, as the Court must, Walmart has not met its burden of proving the requisite amount in controversy. *See Candelario v. USAA Cas. Ins. Co.*, No. 6:20-CV-2373-JA-LRH, 2021 WL 406262, at *2 (M.D. Fla. Feb. 5, 2021). Thus, the case is remanded.

Accordingly, it is **ORDERED:**

1. The Clerk is **DIRECTED** to remand this case to state court by transmitting a certified copy of this Order to the clerk for the Twentieth Judicial Circuit in and for Lee County, Florida. The state-court case was previously captioned 2025-CA-3533.

2. Following remand, the Clerk shall terminate any pending motions, terminate all deadlines, and close the case.

5

**ORDERED** in Fort Myers, Florida on November 6, 2025.

Kyle C. Dudek
United States District Judge

5